# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ARSCENIO TONY NOT AFRAID, <br><br> Defendant. | CR-10-88-BLG-SPW-CSO <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

A petition alleges that Defendant violated conditions of his supervised release. *ECF No. 48*. Judge Watters referred the matter to the undersigned to conduct a final revocation hearing and issue findings and recommendations. *Order* (*ECF No. 50*) (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).

On October 20, 2016, the Court conducted the revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to one month imprisonment followed by 59 months of supervised release.

1

I. **Background**

Defendant is appearing before the Court due to supervised release violations relating to substance abuse issues, missed random urinalysis tests, and failure to follow other Court-ordered obligations. Defendant has continued to struggle with substance abuse; however, based on meetings his supervising probation officer had with him, it seems he genuinely wants to change for the better. One of Defendant's most significant problems appears to be inability to cease association with negative peers. He also has struggled in trying to find employment.

II. **Revocation Hearing**

Defendant appeared at the revocation hearing represented by Mark S. Werner of the Federal Defenders. Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations.

Defendant admitted to all of the violations as alleged in the petition. The Court accepted Defendant's admissions and proceeded to sentencing issues. The Court calculated that Defendant's violation grade is C, his criminal history category is II, and the underlying

offense is a class B felony.  Under those circumstances, the maximum sentence is not more than 24 months incarceration, and the United States Sentencing Guidelines call for 4-10 months incarceration. Defendant could be sentenced to as much as 60 months supervised release, less any incarceration time imposed.  Ms. Suek and Mr. Werner agreed with those calculations.

Ms. Suek requested a sentence of one month incarceration and 59 months of supervised release.  She acknowledged her agreement with the plan that Defendant's supervising probation officer developed to get Defendant into inpatient substance abuse treatment, noting that Defendant's violations stem from such abuse.  She stated her belief that a variance from the Sentencing Guidelines is appropriate in this instances because Defendant only recently began a lengthy period of supervised release and needs to get his substance abuse issues under control with intensive treatment to avoid another relapse.  She further noted that the recommended WATCH program for such treatment has experienced great success for other participants, so it is reasonable to expect a positive outcome for this Defendant.

Mr. Werner agreed with Ms. Suek.  He noted that Defendant has

3

had a substance abuse problem for many years, for which he has had one-on-one counseling, but has never had inpatient, intensive treatment of the type available through the WATCH program. He stated that Defendant is motivated to succeed with treatment, as evidence by his request for treatment, his self-surrender to law enforcement on the current petition, and his admission to all of the violations alleged in the petition. Mr. Werner also noted that Defendant has been honest about his substance abuse problem, and sincerely desires treatment.

Defendant also addressed the Court. He acknowledged that he desires to get treatment. He stated that he successfully completed an intensive treatment program while he was incarcerated and that he learned a lot through his participation in that program. But, he admitted, his substance-abuse relapse that occurred since he was released from incarceration was his own fault and was the result of bad decisions he made while in an unhealthy relationship. When asked why he thinks treatment now would be successful when he obviously relapsed after his participation in intensive treatment while in prison, he stated that he is now better equipped in terms of understanding

4

what he needs to do to be successful, such as avoiding unhealthy relationships and not using substances as a coping mechanism.

III. **Conclusions and Analysis**

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to one month imprisonment followed by 59 months supervised release. Because Defendant is currently in the process, through the efforts of his supervising probation officer, of enrolling in inpatient treatment for his substance abuse problem, a downward departure from the Sentencing Guidelines range is appropriate.

Defendant needs to be held accountable for his actions and face a consequence serious enough to influence his future behavior. He has demonstrated a lack of sound judgment and accountability. He was given several chances by both the probation officer and his treatment provider, but has failed to take full advantage of those opportunities. After U.S. Probation spoke with Defendant's treatment provider and family, Defendant is willing to attend inpatient treatment at the WATCH Program in Warm Springs, Montana. This treatment, coupled

with a positive living environment in Billings, Montana, will allow Defendant a better chance at success on supervised release.

Therefore, it is believed a sentence of one month would allow adequate time to finish the enrollment process and will show Defendant that he is expected to follow the conditions imposed by the Court and the rules of his treatment program.

## IV.  Conclusion

Defendant was advised that the above sentence would be recommended to Judge Watters.  The undersigned instructed Defendant that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Watters.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

> 1.  Defendant violated the Special Condition that he shall participate in substance abuse testing to include not more than 104 urinalysis tests and not more than 104 breathalyzer tests annually during the prior of supervision. The defendant shall pay all or part of the costs of testing as directed by the U.S. Probation Office.  On 5/5/2016, the defendant missed a random urinalysis test with his treatment provider.  The defendant failed to call the provider or the undersigned officer and provide a valid

reason why he missed this test.

2   Defendant violated the Special Condition that he shall participate in substance abuse testing to include not more than 104 urinalysis tests and not more than 104 breathalyzer tests annually during the prior of supervision. The defendant shall pay all or part of the costs of testing as directed by the U.S. Probation Office. On 6/27/2016, the defendant missed a random urinalysis test with his treatment provider. The defendant failed to call the provider or the undersigned officer and provide a valid reason why he missed this test.

3.  Defendant violated the Standard Condition that he shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. On 7/1/2016 and 7/6/2016, the defendant tested positive for methamphetamine from Posse Partners, a urinalysis testing contract provider. Both tests were confirmed positive for methamphetamine by Alere Laboratory on 7/11/2016.

4.  Defendant violated the Special Condition that he shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment as directed by the U.S. Probation Office. According to the defendant, he admitted to his substance abuse counselor that on or around 9/6/2016, he used methamphetamine again.

5.  (Misnumbered as 6 in the Petition). Defendant violated the Special Condition that he shall participate in substance abuse testing to include not more than 104 urinalysis tests

and not more than 104 breathalyzer tests annually during the prior of supervision. The defendant shall pay all or part of the costs of testing as directed by the U.S. Probation Office. On 9/14/2016, the defendant missed a random urinalysis test with his treatment provider. The defendant failed to call the provider or the undersigned officer and provide a valid reason why he missed this test.

Accordingly, **IT IS RECOMMENDED** that:

Defendant's Supervised Release be revoked. Pursuant to the Sentencing Reform Act of 1984, and after considering the statutory maximum, the Chapter 7 Policy Statements and Guideline range, and all of the circumstances of the current violations, it is recommended that the defendant, **ARSCENIO TONY NOT AFRAID**, be committed to the custody of the United States Bureau of Prisons for a term of **1 month**. Upon release from imprisonment, it is recommended that the defendant be placed on supervised release for a term of **59 months.** Within 72 hours of release from custody of the Bureau of Prisons, the defendant must report, in person, to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or

being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special condition(s):

| Condition | Condition Description |
|---|---|
| 1 | The defendant shall participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch tests annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office. |
| 2 | The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. At a minimum, the defendant shall enter and complete the WATCH program discussed above. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office. |

3   The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.

4   The defendant shall submit their person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

5   The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

6   The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only.

7   The defendant shall not be allowed to do the following without prior written approval of United States Probation: knowingly reside in the home, residence, or be in the company of any child under the age of 18, with the exception of their own children; go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 20th day of October, 2016.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge